UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRACY WOOD,

       Petitioner,                                  Hon. Robert Holmes Bell

v.                                                    Case No. 1:07-CV-263

KENNETH McKEE,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Wood's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Wood's petition be **denied**.

## BACKGROUND

In the early morning hours of June 30, 1996, Salomi Zehr, age 79, was brutally raped by a man who unlawfully entered her home. This attack emotionally scarred Zehr, who passed away a short time later. An investigation revealed evidence of Petitioner's involvement in this crime and DNA testing identified Petitioner as Zehr's assailant. Petitioner was subsequently charged with first degree criminal sexual conduct. After being released on bond, however, Petitioner absconded and fled to Arkansas where he was captured several years later. After Petitioner was recaptured, the

prosecutor further charged Petitioner with home invasion in the first degree causing personal injury in the form of serious mental anguish. Prior to trial, Petitioner agreed to plead no contest to first degree criminal sexual conduct in return for dismissal of the home invasion charge. Petitioner was sentenced to 25 to 50 years in prison. Petitioner appealed his conviction in the Michigan Court of Appeals, asserting the following claims:

> I. Tracy Wood is entitled to resentencing where Judge Noecker violated the principle of proportionality, when he imposed a 25 to 50 year sentence, which was a departure of more than three times the top of the sentencing guidelines range for this 39-year old first time felony offender.
>
> II. Even if a departure was warranted, the extent of the departures in this case violates the rule of proportionality.
>
> III. Defendant Wood is entitled to specific performance of the implied bargain or resentencing when the court acknowledged that appellant had a right to rely on a sentencing guidelines range of 2 to 8 years imprisonment.
>
> IV. The 25 to 50 year sentence in this case was disproportionate, more than tripling of the guidelines for reasons scored in the guidelines, and based upon psychological assumptions for which the trial court had no evidence.
>
> V. Mr. Wood was denied his due process right to a meaningful opportunity to present evidence to support a substantial defense at sentencing when the trial court had no factual basis for its unsubstantiated predictions about Mr. Wood's future dangerousness; and Mr. Wood should be resentenced by a different judge.
>
> VI. Mr. Wood is entitled to have his presentence report corrected and sent to the Department of Corrections.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, but remanded the matter for correction of Petitioner's presentence report. *People v. Wood*, No. 257598, Opinion (Mich. Ct. App., Jan. 24, 2006). Asserting claims I-V above, Petitioner moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Wood,* No. 130655, Order (Mich., May 30, 2006). On March 19, 2007, Petitioner initiated the present action in which he asserts the following claims:

   I.   No proper identification.

   II.  Ineffective assistance of counsel.

   III. Trial court abused its discretion when it departed from sentencing guidelines.

## **STANDARD OF REVIEW**

Wood's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

   (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

      (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

      (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court

4

unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

In certain circumstances, however, the deferential standard articulated above does not apply. First, if the state court resolves a particular claim but fails to articulate its analysis, the Court must apply "modified AEDPA deference." *Vasquez v. Jones*, 496 F.3d 564, 569-70 (6th Cir. 2007). Under this standard, "the court conducts a 'careful' and 'independent' review of the record and applicable law, but cannot reverse 'unless the state court's decision is contrary to or an unreasonable application of federal law.'" *Id.* at 570. However, where the state court has altogether failed to review a particular claim, such is reviewed de novo. As the Sixth Circuit has indicated,

5

where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). In such circumstances, the court conducts a *de novo* review. *Id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

**I.**     **Identification Claim**

Petitioner claims that he is entitled to habeas relief because he "was never identified by [the] victim." Petitioner did not present this claim in either the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner has, therefore, failed to properly exhaust this particular claim. Petitioner's failure to exhaust this claim notwithstanding, it may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). As discussed below, this claim is without merit.

Petitioner's claim fails for several reasons. First, in light of the results of the DNA testing accomplished in this matter, it certainly appears that Petitioner was properly identified in this matter. Moreover, neither federal law nor the United States Constitution requires that criminal convictions be supported by a positive identification by the victim. The Constitution does guarantee to criminal defendants that a conviction be supported by sufficient evidence. *See O'Hara v. Brigano*, 499 F.3d 492, 499 (6th Cir. 2007). However, by pleading no contest, Petitioner waived

any claim as to the sufficiency of the evidence against him.[1] *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir., Sep. 16, 2003) ("an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations") (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) (same); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (unconditional plea waived non-jurisdictional collateral attack on the sufficiency of the evidence); *Minyard v. Berghuis*, 2009 WL 427380 at *5 (W.D. Mich., Feb. 20, 2009) ("[b]y pleading guilty, a defendant also waives a challenge to the sufficiency of the evidence") (citing *Brady v. United States*, 397 U.S. 742, 756-57 (1970)).

When a criminal defendant pleads guilty or no contest, the Constitution requires that such plea be made "knowingly, voluntarily, and intelligently." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also*, *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (to be valid, a guilty plea must be made "voluntarily and intelligently," with "knowledge of the 'relevant circumstances and likely consequences'"). Petitioner has not asserted that his plea fell short of this standard and the record does not indicate that such was the case. Accordingly, the Court concludes that this claim raises no issue on which habeas relief may be granted.

**II.        Ineffective Assistance of Counsel**

Petitioner asserts that his attorney rendered ineffective assistance of counsel. Specifically, Petitioner asserts that his attorney "never filed motion to suppress identification" and

---

[1] The Court notes that the evidence identified by the trial judge at Petitioner's plea hearing would constitute sufficient evidence to support a conviction for first degree criminal sexual conduct.

7

operated under a "conflict of interest." As with the previous claim, Petitioner failed to present these claims on appeal in the state courts. Petitioner's failure to exhaust notwithstanding, these claims may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). As discussed below, these claims are without merit.

      A.      Motion to Suppress

Petitioner asserts that his right to the effective assistance of counsel was denied where his attorney "never filed motion to suppress identification." To establish that he was denied the right to the effective assistance of counsel, Petitioner must establish that his counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, Petitioner must demonstrate that his attorney's actions were unreasonable under prevailing professional norms. *Id.* at 688. In assessing such a claim, however, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d

407, 418 (6th Cir. 2001).

Aside from the vague assertion that his attorney "never filed motion to suppress identification," Petitioner has failed to describe this claim or the factual basis thereof. To the extent that Petitioner faults his attorney for allegedly failing to challenge the results of the DNA testing that identified Petitioner as the man who sexually assaulted Salomi Zehr, the Court notes that Petitioner's counsel did move to suppress this evidence. (Dkt. #13). The court rejected counsel's motion, however, after which Petitioner absconded to Arkansas. *Id.* Petitioner has identified no other evidence ("identification" or otherwise) that was subject to suppression in this matter and the Court's review of the record reveals no such evidence. Thus, Petitioner has failed to show either that his attorney rendered deficient performance or that he was prejudiced by any allegedly deficient performance. Thus, this claim is without merit.

B. Conflict of Interest

Petitioner asserts that "trial counsel was in conflict of interest with Defendant (me)." Again, aside from this vague assertion, Petitioner fails to describe the basis for such a claim.

It is well established that a criminal defendant's Sixth Amendment right to counsel is denied "when an attorney's actual conflict of interest adversely affects his performance." *Peters v. Chandler*, 292 Fed. Appx. 453, 456 (6th Cir., Sept. 9, 2008) (citing *Mickens v. Taylor*, 535 U.S. 162, 166 (2002) and *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)). Because "it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests," prejudice "is presumed when counsel is burdened by an actual conflict of interest." *Boykin v. Webb*, 541 F.3d 638, 643 (6th Cir. 2008) (quoting *Strickland*, 466 U.S. at 692). However, merely claiming

9

that his attorney labored under a conflict of interest is insufficient to merit relief. *See Whiting v. Burt*, 395 F.3d 602, 611 (6th Cir. 2005). Petitioner must instead demonstrate that his attorney "actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.*

Petitioner has failed to describe the nature of the alleged conflict under which he attorney labored. The Court discerns from the record no evidence of any such conflict. Accordingly, this claim is without merit.

### III. Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court imposed a sentence in excess of the Michigan sentencing guidelines. Petitioner also asserts that the trial court relied on an "improper statement" when imposing sentence. Neither claim has merit.

#### A. Sentencing Guidelines

Whether the trial court followed Michigan sentencing guidelines in fashioning Petitioner's sentence is not cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2254(a) (the federal courts can only consider habeas claims alleging "violation of the Constitution, laws, or treaties of the United States").

Moreover, to the extent that Petitioner claims that his sentence violates the principle of proportionality articulated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990), the result is the same. As the Sixth Circuit has long held, because the United States Constitution "contains no strict proportionality guarantee," a claim that the sentencing court violated

Michigan's principles of proportionality is not cognizable on federal habeas review. *Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)); *McLemore v. Berghuis*, 2006 WL 2818799 at *24 (W.D. Mich., Oct. 2, 2006).

The Eighth Amendment to the United States Constitution "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001). Instead, the Eighth Amendment simply forbids extreme sentences that are "grossly disproportionate" to the crime committed. *Layne*, 324 F.3d at 473. In this case, Petitioner's sentence is in no way "grossly disproportionate" to the crime committed.

B. Improper Statement

Petitioner also asserts that the trial court relied on an "improper statement" in fashioning his sentence. Petitioner has failed to articulate in any pleading in this Court the basis for this particular claim. However, a review of Petitioner's state court pleadings indicates that this claim is based on the trial judge's rationale for imposing a sentence in excess of that recommended by the Michigan sentencing guidelines. Specifically, the trial judge observed that:

> The circumstances of the case do not suggest that the inspiration for this offense was sexual desire. The victim's circumstances, the defendant's divorce status, the consumption of alcohol, the time of the offense, the way in which the offense was committed, all speak of rage, and so irrespective of what Mr. Pellerito[2] might say with respect to the defendant's likelihood to reoffend sexually, only a fool would conclude that he does not represent or does not have the capability to be a dangerous person. It may be all tied to substance abuse or it may not. That we do not know. Fortunately, that's

---

[2] It is not clear from the record who Mr. Pellerito is.

> treatable. Unfortunately, the vast majority of those who abuse substances do not behave this way, but rather, fortunately, but insofar as the defendant's concern[ed], there is some deeper problem. Drinking too much alcohol does not cause one to do the things this defendant did.

(Sentencing Transcript, December 12, 2003, 13-14).

Petitioner asserts that the trial judge improperly - and inaccurately - rendered an opinion as to his psychological state. Petitioner further asserts that the judge's decision to depart from the sentencing guidelines was "based in part on [the judge] improperly assessing the risk of future dangerousness with no record support."

It has long been recognized that when imposing sentence, "courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come").

As the *Watts* Court further observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and circumstances." *Watts*, 519 U.S. at 151-52. Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried. *See Id.* at 152 (citations omitted); *Collins v. Buckhoe*, 493 F.2d 343, 345 (6th Cir. 1974) (citations omitted).

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief. *Roberts*, 445 U.S. at 556 (citations omitted). To prevail on a claim that he was sentenced on the basis of such misinformation, Petitioner must

establish that "the disputed information was materially false and that the trial court relied on the information." *United States v. Andrews*, 240 F.Supp.2d 636, 638 (E.D. Mich. 2003) (quoting *Buckhoe*, 493 F.2d at 345-46).

Petitioner's claim fails because he has failed to demonstrate that the trial judge's assessment as to Petitioner's potential for future dangerousness was in any way inaccurate. Petitioner may not agree with the judge's assessment, but that, by itself, is not a basis on which to grant habeas relief. The Michigan Court of Appeals rejected this claim, observing that "Defendant's history of drinking problems, as reflected in misdemeanor convictions, and the horrific circumstances of the crime, prior to which he had been at a bar, lend sufficient support to a finding that defendant is and will continue to be dangerous." *People v. Wood*, No. 257598, Opinion at 4 n.2 (Mich. Ct. App., Jan. 24, 2006). This determination is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Wood's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: December 9, 2009         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge